SHAW *v.* BRYANT *et al.*

*(Supreme Court, General Term, First Department.* November 18, 1892.)

PLEADING—AMENDMENT.

 A judgment for plaintiff was reversed on the ground that an amendment to the complaint, which had been allowed before a referee, changed the issues raised by plaintiff. On motion by plaintiff, a similar amendment to the complaint was allowed, and the complaint, as amended before the referee, was directed, together with the answer and replies thereto, to stand as the pleadings in the cause, with a proviso that defendants might elect to have new pleadings served, in which case the complaint should be amended as proposed in the motion papers. *Held* that, the defects in the original complaint, and the scope of the amendment allowed, being subjects of contention between the parties, defendants should not have been put to their election as to whether they would require new pleadings to be served, but plaintiff should have been directed to serve his complaint amended as allowed.

Appeal from special term, New York county.

Action by Julia A. Shaw against Agnes G. Bryant and others. From an order allowing an amendment of the complaint after reversal of a judgment in favor of plaintiff, defendants appeal. Modified.

For decision on appeal from the judgment in favor of plaintiff, see 19 N. Y. Supp. 618.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*George Norris,* for appellants. *J. A. Shoudy,* for respondent.

O'BRIEN, J. The action was brought to recover the balance due for board, lodging, and necessaries furnished to the defendants. At the time the bill was contracted certain of the defendants were infants, but it is claimed that the other defendant, Carolan O'Brien Bryant, the father of the infants, secured for them, upon the faith of their estate, by representing himself to be their guardian, the credit upon which the necessaries were furnished to them. During the progress of the cause before a referee the plaintiff applied to the

referee and obtained leave to amend her complaint. The judgment subsequently entered in favor of the plaintiff was appealed from and reversed by this court, upon the ground, among others, as stated in the opinion, that "there are two fatal errors pointed out by the appellant. The first consists in the allowance by the referee of an amendment which radically changed the issues raised by the pleadings, and allowed a new cause of action to be set up in the amended complaint." As a result of this intimation in the opinion the plaintiff made a formal motion at special term for an amendment of the complaint in the respects identical, as claimed, with those permitted by the referee, which was granted, and the first amended complaint, as allowed by the referee at the trial of the action, together with the answers and replies thereto, were directed to stand as the pleadings in the cause, with the proviso that, in case the attorney for the defendants Bryant shall elect, within 10 days after the service of this order, and shall give notice of such election, to have new pleadings served, then the plaintiff may serve a second amended complaint, as proposed in the motion papers. The appellants appeal from so much of the order as allowed the amendment without imposing costs as terms, and from the proviso compelling their attorney to elect whether he should require new pleadings to be served. As to the power of the court to allow the amendment and fix the conditions thereof there can be little or no question. We think, however, that under the circumstances of this case the defendants have a just cause of complaint with respect to the proviso compelling their attorney to elect whether he should require new pleadings to be served. The defects in the original complaint, and the scope of the amendment as allowed by the referee upon the former trial, were subjects of contention between the parties; and the case to a great extent turned upon the question as to whether or not two inconsistent causes of action were improperly joined. The same contention is presented upon this appeal, and a voluminous record, containing many hundred pages, is submitted for the purpose of supporting the various contentions made as to the effect of the amendment as now allowed. The result is to introduce confusion and uncertainty. While it is true the appellants had it in their power to elect under the permission given, we think that the better and more orderly practice should be in all cases of this kind to require, upon motions for the amendment of pleadings, or in cases where amendments are allowed, the one moving for such an amendment to serve a copy of the proposed amended pleading with the motion papers, or, if this for any reason can be dispensed with, the condition should be imposed that a copy of the amended pleading as allowed be served. This will give the defendant—as he is entitled to have—an opportunity of answering, and will remove all uncertainty as to what are the issues to be tried, and place the burden where it rightly belongs,—upon the one asking the favor of serving his adversary with a copy of the amended pleading. We think, therefore, that the order should be modified to the extent of requiring the plaintiff to serve a copy of the amended complaint as allowed, and, as so modified, the order should be affirmed, without costs.

VAN BRUNT, P. J. I agree that the court had the power to allow the complaint to be amended, but the defendants had a right to have that complaint as amended served upon them, and the court was bound so to direct without any notice being given by them. I think also that the defendants were entitled to costs as a condition of amendment, and I should have been in favor of reversing the order appealed from had the appellant not needlessly presented a record upon this appeal consisting of hundreds of pages of matter absolutely useless. I therefore concur in the result.

LAWRENCE, J. I am in favor of modifying the order so as to compel the respondent to pay costs as a condition of the amendment, and with that modification I concur in result.