### ABRAHAMS v. FINKELSTEIN et al.

(Supreme Court, Appellate Term. February 27, 1906.)

1. PLEADING—AMENDMENT—SERVICE OF AMENDED PLEADING.
   An order permitting plaintiff to amend his complaint by adding an allegation that the defendants wrongfully discharged the plaintiff's assignor from their employment, the amendment to be made "by suggestion on the record," without requiring service of the amended complaint, was error.

2. SAME—TERMS.
   The court should impose reasonable terms as a condition of an amendment of a complaint, by inserting an allegation that defendants wrongfully discharged plaintiff's assignor, though the plaintiff deemed the amendment unnecessary, and offered it only in deference to the opinion of the presiding justice.

3. APPEAL—DECISIONS REVIEWABLE—ORDER ON MOTION FOR COSTS.
   An order denying defendants' motion for costs of plaintiff's motion to amend the complaint is not appealable.

Appeal from City Court of New York, Special Term.

Action by Adolph Abrahams against Samuel Finkelstein and another. From an order granting plaintiff's motion to amend the complaint, and denying defendants' costs on that motion, defendants appeal. Order granting plaintiff's motion reversed, and appeal from order denying defendants' costs dismissed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Henry Salant, for appellants.
Hays & Hershfield, for respondent.

SCOTT, P. J. When the cause came on for trial, the justice presiding expressed the opinion that the complaint was defective, in that it alleged only an attempt to discharge plaintiff from defendants' employ, but not an actual discharge, and he intimated his purpose to dismiss the complaint. Plaintiff's counsel then contended, and still insists,

that the complaint was sufficient, and needed no amendment, but, as he expresses it, "in deference to" the justice who criticised the complaint, a motion was made at Special Term to amend the complaint by inserting an allegation that defendants wrongfully discharged plaintiff's assignor. Thereupon an order was made permitting the plaintiff, without costs or terms, to so amend his complaint "by suggestion on the record, without requiring the plaintiff to serve any amended complaint herein, and with the same force and effect as if the said words had been originally included and contained at the end of paragraph sixth of said complaint." To the complaint as thus amended "by suggestion" the defendants were givin two days to answer.

It is manifest that the order cannot stand. As a general rule, an amended pleading must be served upon the opposite party. It is only where the amendment is only formal, not affecting the issues, that service may be dispensed with. Weil v. Martin, 24 Hun, 645. But where the amendment in any particular changes or adds to the traversable allegation, or aids the cause of action or defense, the opposite party is entitled to be served with the amended pleading. McMurray v. McMurray, 60 Barb. 117; People v. Woods, 2 Sandf. 653; Shaw v. Bryant (Sup.) 20 N. Y. Supp. 785. In so far, therefore, as the order directed that the amendment be made "by suggestion upon the record" (whatever that may mean), and relieved plaintiff from the necessity of serving an amended complaint, it was unauthorized and erroneous. So, also, the court should, in our opinion, have imposed proper and reasonable terms as a condition of granting the amendment.

It is no answer to say that the plaintiff deemed the amendment unnecessary. Indeed, he cannot be heard to say so as a reason for sustaining an order which was unjust to defendants. From the mere fact that he moved for leave to amend, he must be deemed to have considered the amendment important, if not essential. The fact embraced in the amendment was known to plaintiff when he commenced his action. The complaint as it stood was either sufficient, or it was not. If it was sufficient, as plaintiff insists, he should have stood upon it. If, against his own judgment, he considered that it was safer to amend, he should be permitted to do so only upon such terms as will indemnify the defendants, who are not responsible either for the defect of the pleading, if it is defective, or for the plaintiff's timidity, if the pleading as originally drawn was defective.

The order must be reversed, with $10 costs and disbursements, and the motion remitted to the City Court for rehearing. The second order appealed from is one denying defendants' motion for costs of the motion to amend. This motion was quite unnecessary, and the appeal from the order cannot be entertained. The question whether or not costs or terms should be imposed as a condition of amending the complaint was necessarily involved in the motion to amend, and a second motion was improper. The appeal from the second order will therefore be dismissed, with $10 costs. All concur.