(53 Misc. Rep. 314)

ABRAHAMS v. FINKELSTEIN et al.

(Supreme Court, Appellate Term. March 14, 1907.)

MASTER AND SERVANT — WRONGFUL DISCHARGE — ACTIONS — PLEADING — COMPLAINT.

A complaint in an action for the wrongful discharge of plaintiff's assignor alleged upon information and belief that on a certain date defendants wrongfully broke their agreement by attempting to discharge plaintiff's assignor, and refused to allow him to longer continue to perform his services under the agreement, and instructed him to return the samples and in other respects prevented him from performing the agreement. The written agreement of employment formed a part of the complaint and showed that defendants undertook to employ plaintiff's assignor to sell goods on commission for a term of 12 months. Held, that the complaint stated a cause of action.

· Appeal from City Court of New York, Trial Term.

Action by Adolph Abrahams against Samuel Finkelstein and another. From an order dismissing the complaint, plaintiff appealed. Reversed and remanded.

See 97 N. Y. Supp. 987.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Hays & Hershfield (Daniel P. Hays and Ralph Wolf, of counsel), for appellant.

Henry Salant, for respondents.

GILDERSLEEVE, P. J. Upon a former trial of this action the court expressed the opinion that the complaint was defective, in that it alleged only an "attempt" to discharge plaintiff's assignor from defendants' employ, but not an actual discharge, and he intimated his purpose to dismiss the complaint. Plaintiff then made a motion to amend the complaint by inserting an allegation that defendants wrongfully discharged plaintiff's assignor, and an order was entered permitting plaintiff, without costs or terms, to so amend his complaint "by suggestion on the record, without requiring the plaintiff to serve any amended complaint herein, and with the same force and effect as if the said words had been originally included and contained at the end of paragraph 6 of said complaint." To the complaint, as thus amended "by suggestion," the defendants were given two days to answer. The defendants appealed from this order, which was reversed, as unauthorized and erroneous, and the "motion remitted to the City Court for rehearing." 49 Misc. Rep. 448, 97 N. Y. Supp. 987. No further steps were taken to amend the complaint, but the motion was withdrawn, and the case came on for trial on the original pleadings, when the court dismissed the complaint on the ground that it did not state a cause of action.

The paragraph of the complaint in question reads as follows, viz.:

"Upon information and belief, that on or about February 2, 1904, the defendants, without any right or authority, broke and violated said agreement by attempting to terminate said agreement and discharge said Lobe, and refusing to allow said Lobe to longer continue to perform his services under the said agreement, and instructed said Lobe to return the samples of goods of defendants which he was using to solicit orders, and in other respects prevented the said Lobe from soliciting orders from his customers throughout the state of New York."

The action was brought by plaintiff, as the assignee of one Lobe, to recover damages for the alleged breach of a written agreement of employment, which is annexed to the complaint and forms part thereof. This agreement is admitted by the answer. In this agreement the defendants undertook to employ said Lobe for a term of 12 months, beginning October 15, 1903, and therein agreed to pay said Lobe 7 per cent. commission on all sales made by him, and further agreed that said Lobe should have a drawing account of $150 per month. The question presented on this appeal is whether the complaint sufficiently alleges the breach of the agreement by the defendants. The rule is that a pleading should be liberally construed, and on a motion to dismiss a complaint for insufficiency it is not sufficient reason for a dismissal that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, and the complaint is deemed to allege what can be implied from the allegations therein by fair and reasonable intendment. Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263; Coatsworth v. Lehigh Valley R. R. Co., 156 N. Y. 451, 51 N. E. 301. Regarding the complaint in the

light of this principle, it seems to us that it was error to hold that it did not state facts sufficient to constitute a cause of action.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.